UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80227-CIV-MARRA/JOHNSON

JILL KAPLAN,

    Plaintiff,
vs.

ROBERT LAPPIN and the PALM BEACH POPS, INC.,

    Defendants.
_____/

## ORDER AND OPINION

THIS CAUSE is before the Court upon Defendant Palm Beach Pops, Inc.'s ("Defendant" or "Palm Beach Pops") Motion to Dismiss Counts V and VI (DE 6). Plaintiff Jill Kaplan ("Plaintiff" or "Kaplan") filed a response (DE 13) and Defendant filed a reply (DE 15). The Court has carefully considered the motion, response, and reply, and is otherwise fully advised in the premises.

## Background

Plaintiff filed this action on or about February 10, 2010. Plaintiff replaced her original Complaint with an Amended Complaint on March 5, 2010. Plaintiff alleges two counts against Defendant Palm Beach Pops: Count IV - violation of Title VII of the Civil Rights Act, and Count V - Florida Civil Rights Act Claim ("FCRA"). See DE 5. The Amended Complaint alleges that Plaintiff, a female, was subjected to sexual harassment, quid pro quo and hostile work environment discrimination by Defendant Robert Lappin, who was Defendant Palm Beach Pops' Managing Agent and Supervisor. Id. at ¶¶ 36-57.

Standard of Review

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff.  See Erickson v. Pardus, 551 U.S. 89 (2007).  To satisfy the pleading requirements of Federal Rule of Civil Procedure 8, a complaint must contain a short and plain statement showing an entitlement to relief, and the statement must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz v. Sorema N.A., 534 U.S. 506, 512 (2002) (citing Fed. R. Civ. P. 8); see also Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964 (2007); Dura Pharm., Inc. v. Broudo, 544 U.S. 336, 346 (2005).  This is a liberal pleading requirement, one that does not require a plaintiff to plead with particularity every element of a cause of action. Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001).  Instead, the complaint need only "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Id. (internal citation and quotation omitted).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, [ ] a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 127 S.Ct. at 1964-65 (citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Id. at 1965.  Plaintiff must plead enough facts to state a plausible basis for the claim.  Id.

**Discussion**

Defendant moves to dismiss Counts IV and V for lack of subject matter jurisdiction. Defendant asserts that it does not have the requisite number of employees. Under 42 U.S.C. § 2000e(b), an employer is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year ...". Plaintiff's FCRA claims are appropriately analyzed under Title VII jurisprudence. See Caraballo v. South Stevedoring, Inc., 932 F.Supp. 1462, 1466 (S.D. Fla. 1996) ("Because the FCRA is patterned after Title VII, 'federal case law dealing with Title VII also applies to the FCRA.' ") (quoting Kelly v. K.D. Construction of Florida, Inc., 866 F.Supp. 1406, 1410 (S.D. Fla.1994).

Defendant relies on Mousa v. Lauda Air Luftfahrt, A.G., 258 F.Supp.2d 1329 (S.D. Fla. 2003) for its contention that the employment of fifteen or more employees is jurisdictional. However, in Arbaugh v. Y&H Corp., 546 U.S. 500, 516 (2006), the United States Supreme Court specifically held "that the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue."[1]  "[T]he numerical threshold does not circumscribe federal-court subject-matter jurisdiction. Instead, the employee-numerosity requirement relates to the substantive adequacy of [Plaintiff]'s Title VII claim." Id. at

---

[1] Mousa relies upon federal cases construing the numerosity requirement of Title VII and FCRA claims as jurisdictional and relies upon one state court case which assumed, without citation to state or federal authority, that the fifteen employee requirement was jurisdictional. The cases upon which Mousa relied were all decided before Arbaugh. The Court has been unable to find any federal or state cases construing the numerosity requirement of an FCRA claim as jurisdictional after Arbaugh was decided.

3

503.  See also Wallace v. DM Customs, Inc., 2006 WL 2882715 (M.D. Fla. 2006) ("Plaintiff is correct that Title VII's numerosity requirement is not jurisdictional.  Thus, dismissal for lack of jurisdiction as urged by Defendants is clearly inappropriate.") (citing Arbaugh, 546 U.S. at 1239).  Accordingly, Defendant's Federal Rule of Civil Procedure Rule 12(b)(1) motion is denied.

To the extent that Defendant's motion is viewed as a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the motion is also denied.  Plaintiff has pled in her Amended Complaint that Defendant is an "employer" as defined by 42 U.S.C. § 2000e(b) and as defined by § 760.02 of the Florida Civil Rights Act.  The Court accepts Plaintiffs's well pled facts as true and has considered the facts contained in Plaintiff's Amended Complaint in the light most favorable to Plaintiff.  Jackson v. Bellsouth Telecomms., 372 F.3d 1250, 1262 (11th Cir. 2004).  Here, the Court finds that Plaintiff has alleged sufficient facts to withstand a 12(b)(6) motion to dismiss as to whether or not Defendant is an "employer" under Title VII.  The issue of whether Defendant Pops had fifteen or more employees is generally a disputed issue of fact for jury consideration.  See In re Fierro, 2007 WL 1113257, *3 (M.D. Fla. 2007) ("The United States Supreme Court has recently confirmed that Title VII's fifteen-employee numerosity requirement is an element of a plaintiff's claim for relief, not a jurisdictional issue; thus, it is generally an issue for the jury to decide as a contested fact.").[2]

---

[2] A defendant is entitled to summary judgment in its favor if the plaintiff fails to produce sufficient evidence to show that the defendant had fifteen or more employees during the relevant time period. Stinnett v. Iron Works Gym/Executive Health Spa, Inc., 301 F.3d 610 (7th Cir. 2002).  However, the Court declines to convert Defendant's motion to dismiss into a motion for summary judgment at this stage of the litigation, prior to the completion of discovery. See Fed. R. Civ. P. 12(d).

Based upon the foregoing, it is hereby **ORDERED AND ADJUDGED** as follows:

(1) Defendant's Motion to Dismiss Counts V and VI (DE 6) is **DENIED**;

(2) Defendant's Motion to Strike the Affidavit of the Plaintiff, Jill Kaplan (DE 16) is **DENIED AS MOOT**;

(3) Plaintiff's Motion to Strike Defendant Pops' Notice of Supplemental Authority (DE 26) is **DENIED;** and

(4) Defendants' Motion for a Stay of Discovery or, in the Alternative to Bifurcate the Pending Discovery to Focus on the Threshold Jurisdictional Issues (DE 28) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 20th day of July, 2010.

_____
KENNETH A. MARRA
United States District Judge

copies to:

All counsel of record

---

Accordingly, at present, the Court disregards the attached affidavits and considers only what is pled in the four corners of the Amended Complaint in ruling on Defendant's 12(b)(6) motion.