UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-80227-CIV-MARRA

JILL KAPLAN,

      PLAINTIFF,

v.

ROBERT LAPPIN AND
THE PALM BEACH POPS, INC.,

      DEFENDANTS.

_____/

**DEFENDANT, PALM BEACH POPS, INC., ANSWER AND**
**AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Palm Beach Pops, Inc. ("Pops"), hereby answers Plaintiff, Jill Kaplan's ("Kaplan") Amended Complaint as follows:

1.      The Pops admits that Defendant, Robert Lappin ("Lappin") is a Florida resident who is an employee of the Pops, but denies he is the "managing agent."  Except as expressly admitted or otherwise stated herein, the Pops denies each and every allegation in paragraph 1 of the Amended Complaint.

2.      The Pops admits that it is a Florida not for profit corporation, but denies that Lappin is the "managing agent."  Except as expressly admitted or otherwise stated herein, the Pops denies each and every allegation in paragraph 2 of the Complaint.

3.      The Pops admits that Kaplan was an employee of the Pops from 2004 to 2009, but denies she was the Vice President and General Manager of the Pops.  The Pops is without knowledge if Kaplan is a resident of the state of Florida.  Except as expressly admitted or otherwise stated herein, the Pops denies each and every allegation in paragraph 3 of the Amended Complaint.

4.      The Pops denies the allegations contained in paragraph 4 except admits that Kaplan is a former employee of the Pops.  This Court does not have federal question jurisdiction under Title VII of the Civil Rights Act, because the Pops is not an "employer" under Title VII.

5.      The Pops denies the allegations set forth in Paragraph 5.

6.      The Pops denies the allegations set forth in Paragraph 6.

7.      The Pops denies the allegations set forth in Paragraph 7.

8.      The Pops denies the allegations set forth in Paragraph 8.

9.      The Pops denies the allegations set forth in Paragraph 9.

10.      The Pops denies the allegations set forth in Paragraph 10.

11.      The Pops denies the allegations contained in paragraph 11 except admits that Kaplan submitted her letter of resignation on January 16, 2009.  Except as expressly admitted or otherwise stated herein, the Pops denies each and every allegation in paragraph 11 of the Amended Complaint.

12.      The Pops denies the allegations set forth in Paragraph 12.

13.      The Pops denies the allegations set forth in Paragraph 13.

**Count I-Assault Claim Against Lappin**

Paragraphs 14 through 20 do not allege a claim against the Pops and thus require no response.  To the extent a response is required, the Pops denies all allegations contained in Count I of the Amended Complaint.

**Count II-Intentional Infliction of Emotional Distress Claim Against Lappin**

Paragraphs 21 through 30 do not allege a claim against the Pops and thus require no response.  To the extent a response is required, the Pops denies all allegations contained in Count II of the Amended Complaint.

### Count III-Battery Claim Against Lappin

Paragraphs 31 through 35 do not allege a claim against the Pops and thus require no response.  To the extent a response is required, the Pops denies all allegations contained in Count III of the Amended.

### Count IV-Title VII Claim Against the Pops

The Pops realleges and incorporates its responses in paragraphs one through 13 as set forth in full herein.

36.     The Pops denies the allegations set forth in Paragraph 36.

37.     The Pops denies the allegations set forth in Paragraph 37.

38.     The Pops denies the allegations set forth in Paragraph 38.

39.     The Pops denies the allegations set forth in Paragraph 39.

40.     The Pops denies the allegations contained in paragraph 40 except admits that Kaplan filed a claim with the Equal Employment Opportunity Commission.  Further, the Pops is without knowledge as to Kaplan's allegations that she has complied with all conditions necessary and exhausted her administrative remedies, therefore denies them.  Except as expressly admitted or otherwise stated herein, the Pops denies each and every allegation in paragraph 40 of the Amended Complaint.

41.     The Pops denies the allegations set forth in Paragraph 41.

42.     The Pops denies the allegations set forth in Paragraph 42.

43.     The Pops denies the allegations set forth in Paragraph 43.

44.     The Pops denies the allegations set forth in Paragraph 44.

45.     The Pops denies the allegations set forth in Paragraph 45.

46.     The Pops denies the allegations set forth in Paragraph 46.

## Count IV-Florida Civil Rights Claim Against the Pops

The Pops realleges and incorporates its responses in paragraphs one through 13 as set forth in full herein.

47.     The Pops denies the allegations set forth in Paragraph 47.

48.     The Pops denies the allegations set forth in Paragraph 48.

49.     The Pops denies the allegations set forth in Paragraph 49.

50.     The Pops denies the allegations set forth in Paragraph 50.

51.     The Pops denies the allegations contained in paragraph 51 except admits that Kaplan filed a claim with the Florida Commission on Human Relations.  Further, the Pops is without knowledge as to Kaplan's allegations that she has complied with all conditions necessary and exhausted her administrative remedies, therefore denies them.  Except as expressly admitted or otherwise stated herein, the Pops denies each and every allegation in paragraph 51 of the Amended Complaint

52.     The Pops denies the allegations set forth in Paragraph 52.

53.     The Pops denies the allegations set forth in Paragraph 53.

54.     The Pops denies the allegations set forth in Paragraph 54.

55.     The Pops denies the allegations set forth in Paragraph 55.

56.     The Pops denies the allegations set forth in Paragraph 56.

57.     The Pops denies the allegations set forth in Paragraph 57.

As to any allegations not specifically addressed above, they are denied.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's amended complaint fails in whole or in part to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred to the extent she failed to initiate or exhaust her administrative remedies.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged Title VII claim fails because the Pops is not an "employer" as defined by 42 U.S.C. § 2000e(b).

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's alleged Florida Civil Rights Act claim fails because the Pops is not an "employer" as defined by Fla. Stat.§ 760.02.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's alleged claims against the Pops are barred based upon the Plaintiff's express and implied consent.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims of discrimination are limited by the validity and scope of the charges of discrimination filed by Plaintiff with the EEOC and FCHR.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate or minimize her damages.  Any earnings by Plaintiff and amounts earnable with reasonable diligence by Plaintiff will reduce any damages otherwise allowable to Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

The Pops is entitled to setoff from any damages awarded to Plaintiff for any unemployment compensation benefits received by Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because, at all relevant times: (i) the Pops published, disseminated, and enforced an internal policy against discrimination and harassment, (ii) the Pops exercised reasonable care to prevent and promptly correct any alleged harassing discriminatory behavior; and (iii) Plaintiff unreasonably failed to follow the Pops' procedures, and unreasonably failed to take advantage of any preventive or corrective opportunities provided by the Pops or to otherwise avoid harm.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the doctrines of waiver and/or estoppel.

The Pops reserves the right to assert additional defenses as may be discovered during the course of these proceedings.

WHEREFORE, the Palm Beach Pops, Inc., having fully answered Plaintiff's Amended Complaint, respectfully requests that this Court enter judgment in its favor and against Plaintiff, be awarded its costs and attorneys' fees, and award such other relief as is just and proper under the circumstances.

Dated: August 9, 2010                    Respectfully submitted,


                                         **s/Keith E. Sonderling_____**
                                         G. JOSEPH CURLEY
                                         Florida Bar No. 571873
                                         e-mail:  jcurley@gunster.com
                                         KEITH E. SONDERLING
                                         Florida Bar No. 0057386
                                         Email:  ksonderling@gunster.com
                                         Gunster, Yoakley & Stewart, P.A.
                                         777 South Flagler Drive, Suite 500 East
                                         West Palm Beach, FL  33401-6194
                                         Telephone:     561-655-1980
                                         Facsimile:     561-655-5677
                                         Attorneys for Defendants




### CERTIFICATE OF SERVICE

        I hereby certify that on August 9, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.


                                         **s/Keith E. Sonderling_____**
                                         Keith E. Sonderling

## SERVICE LIST
**Jill Kaplan v. Robert Lappin and The Palm Beach Pops, Inc.**
**United States District Court, Southern District of Florida**
**Case No. 10-80227-CIV-MARRA**

**Electronic Mail Notice List**

- **Keith E. Sonderling**
  ksonderling@gunster.com,tlatham@gunster.com
- **Craig Randall Zobel**
  czobel@reidzobel.com,aschaab@reidzobel.com

**Manual Notice List**

None.

WPB 1086875.2