UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 9:10-80227-CIV-MARRA

JILL KAPLAN,

    Plaintiff,

v.

THE PALM BEACH POPS, INC.,
and ROBERT LAPPIN,

    Defendants.
_____/

**DEFENDANTS' MOTION FOR PROTECTIVE**
**ORDER AND INCORPORATED MEMORANDUM OF LAW**

Defendants, The Palm Beach Pops, Inc. ("Pops"), and Robert Lappin ("Lappin"), pursuant to Federal Rule of Civil Procedure 26(c), move this Court for entry of a protective order to prevent production of Lappin's personal American Express records. In support, Defendants state as follows:

1. On May 18, 2010, Plaintiff, Jill Kaplan, served a Request for Production on Lappin. In this request, Plaintiff requested all of Lappin's American Express bills for the time period January 1, 2005 through April 1, 2009. Lappin objected to the request as the personal and private financial information Plaintiff sought is overbroad, unduly burdensome, needlessly invades his privacy, and is not relevant to the claims and defenses of this lawsuit nor reasonably calculated to lead to the discovery of admissible evidence.

2. On November 5, 2010, Plaintiff circumvented the discovery process and disregarded Lappin's privacy, and simply ignored his legitimate legal objections to the production by serving a subpoena directly on American Express. The Notice of Intent to Serve and Subpoena Duces

1

Tecum on American Express is not included as an attachment to this motion as it contains personal and private information of Lappin, but is summed up as follows:

> **ANY AND ALL RECORDS REGARDING: The American Express account of Mr. William Robert Lappin, five (5) digits of his Social Security Number being [REDACTED], date of birth being [REDACTED], the address on the account being either [REDACTED], and the last four digits of the American Express card number for the account being [REDACTED], from the period beginning December 1, 2004, through April 1, 2009.**

3. The Plaintiff's claims, however, do not in any way pertain to such personal and private financial records. Specifically, the Plaintiff's claims of assault, battery, and intentional infliction of emotional distress against Lappin, and Title VII and Florida Civil Rights Act ("FCRA") claims against the Pops are entirely unrelated to the personal and private credit card records of Lappin.

4. As a result, Lappin respectfully moves for entry of protective order because the Plaintiff's request is overbroad, unduly burdensome, not relevant to the claims and defenses of this lawsuit, needlessly invades his privacy, and is not reasonably calculated to lead to the discovery of admissible evidence.

5. Further, as Maestro of the Pops, Lappin is well known in the local area and the release of his personal and private credit card and financial expenditures would cause him extreme hardship if this information somehow wound up in the hands of the press.[1]

## MEMORANDUM OF LAW

6. In considering motions for protective orders, courts must balance opposing interests in confidentiliaty and disclosure. <u>Farnsworth v. Procter & Gamble, Co.</u>, 758 F. 2d 1545, 1547 (11th Cir. 1985) ("While Rule 26(c) articulates a single standard for ruling on a protective order motion, that of 'good cause,' the federal courts have superimposed a somewhat more demanding

---

[1] Since the inception of this lawsuit, the Palm Beach Post has reported on or mentioned this lawsuit on four separate occasions.

balancing of interests approach to the Rule."). By its own terms, Rule 26(c) empowers the Court to enter protective orders to defend parties or persons "from annoyance, embarrassment, oppression, or undue burden or expense," after a party serves unnecessary and irrelevant discovery. Fed. R. Civ. P. 26(c)(1).

7. Moreover, the Supreme Court of the United States has recognized that protection of privacy is "implicit in the broad purpose and language" of Rule 26. Seattle Times Co. v. Rhinehart, 467 U.S. 20, 35 n. 21 (1984). This privacy interest specifically encompasses financial records.[2] See e.g., Arias-Zeballos v. Tan, 2007 WL 210112, *1 (S.D. N.Y. Jan. 25, 2007) (individuals have a privacy interest in their personal financial records sufficient to challenge subpoenas served on non-party financial institutions).

8. In light of the strong protections afforded to private financial records, courts only allow financial discovery when the records prove "highly relevant" to the underlying action. Sierra Equity Group v. White Oak Equity Partners, LLC, 672 F. Supp. 2d 1369, 1370 (S.D. Fla. 2009) (disclosure of bank records permitted where "highly relevant" for action to recover for misuse and fraudulent diversion of bank funds).

9. Federal courts *preclude* discovery of financial records altogether where the information is irrelevant to the action. Specifically, courts have denied requests for irrelevant expense records. See e.g., Sadofsky v. Fiesta Products, LLC, 252 F.R.D. 143, 152 (E.D. N.Y. 2008) (inventor brought action to recover royalties from manufacturer, but because dispute centered around manufacturer's *sales*, the court denied request for disclosure of manufacturer's expenses).

---

[2] Notably, the United States Congress has enacted various laws to protect the sanctity of private financial records. See e.g., The Right to Financial Privacy Act, 12 U.S.C. §§ 3401 et seq.

3

10. Lappin's credit card records are irrelevant and unnecessary to the case for the following reasons:

(i) First, assault and battery are among the most commonly alleged torts in our legal system. Proving the elementary elements of these claims does not require disclosure of an unrelated record of credit card expenses. If it did, then every simple assault and battery charge could turn in to a de facto audit of the defendant's finances. Clearly, such a result does not serve the interests of the judicial system and constitutes an undue burden on Lappin.

(ii). Second, the elements of intentional infliction of emotional distress requires the Plaintiff to prove particular acts undertaken by Lappin. Proof of such alleged acts does not require disclosure of Lappin's private credit card records. Plaintiff's allegations consist of, *inter alia*, threats, intimidation, and coercion. These alleged acts will not be found hidden in a catalog of private credit card expenses. Defendants have made ample disclosures of relevant information, as required by law. But Rule 26(c) does not require Lappin to suffer the undue burden of allowing Plaintiff to pry into any area of his life or records that happens to pique the Plaintiff's (and the media's) curiosity.

(iii). Third, Plaintiff's Title VII and FCRA claims turn on allegations of sexual harassment. Once again, the Plaintiff's ability to prove these claims does not depend on access to Lappin's personal credit card statements. How and where Mr. Lappin spends his money simply has no bearing on the Plaintiff's allegations of workplace harassment and discrimination. Even as a party to this action, Lappin retains the ability to protect his privacy and reputation, particularly in the highly sensitive area of finances. Lappin's private and personal spending habits are just that—private and personal.

11. Forced disclosure of these records, which are entirely irrelevant to the Plaintiff's claims, constitutes an undue burden on Lappin by impinging on his established privacy rights he has in his financial records. In the instant case, Lappin's financial records not only fall short of the "highly relevant" standard of Sierra Equity, but they are, in fact, *irrelevant* as in Sadofsky. As a result, Lappin respectfully moves for entry of protective order because the Plaintiff's request is overbroad, unduly burdensome, not relevant to the claims and defenses of this lawsuit, needlessly invades his privacy, and is not reasonably calculated to lead to the discovery of admissible evidence.

WHEREFORE, Defendants, The Palm Beach Pops, Inc. and Robert Lappin, respectfully request that the Court grant Defendants' motion for a protective order precluding disclosure of Lappin's American Express records and award any other relief the Court deems just and appropriate under the circumstances.

Dated: November 24, 2010

Respectfully submitted,

s/Keith E. Sonderling
G. JOSEPH CURLEY
Florida Bar No. 571873
e-mail: jcurley@gunster.com
KEITH E. SONDERLING
Florida Bar No. 0057386
Email: ksonderling@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401-6194
Telephone:  561-655-1980
Facsimile:   561-655-5677
Attorneys for Defendants

## **CERTIFICATE OF GOOD FAITH**

Pursuant to Local Rule 7.1.A.3, prior to filing this motion the undersigned counsel attempted to confer with counsel for Plaintiff on November 23, 2010, via electronic mail, in a good faith effort to resolve the issues set forth herein, to no avail.

**CERTIFICATE OF SERVICE**

I hereby certify that on November 24, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By: **/s/Keith E. Sonderling**
Keith E. Sonderling

## SERVICE LIST
### Jill Kaplan v. Robert Lappin and The Palm Beach Pops, Inc.
### United States District Court, Southern District of Florida
### Case No. 10-80227-CIV-MARRA

**Electronic Mail Notice List**

Craig R. Zobel, Esq.
Reid & Zobel, P.A.
Esperante Building, Suite 1160
222 Lakeview Avenue
P.O Drawer 2926 (33402-2926)
West Palm Beach, Florida 33401
Telephone: 561-659-7700
Facsimile: 561-659-6377
e-mail: czobel@ridzobel.com
Attorney for Plaintiff


G. Joseph Curley, Esq.
Keith E. Sonderling, Esq.
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
e-mail:  jcurley@gunster.com
e-mail:  ksonderling@gunster.com
Attorneys for Defendants


**Manual Notice List**

None.


WPB 1099481.1