UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 9:10-CIV-80227 MARRA

JILL KAPLAN,

    Plaintiff

v.

ROBERT LAPPIN, and
THE PALM BEACH POPS, INC.,

    Defendants.
_____/

**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF ALL PHONE RECORDS REQUESTED IN PLAINTIFF'S FIRST REQUEST FOR PRODUCTION TO DEFENDANT LAPPIN AND DEFENDANT PALM BEACH POPS, INC. AND INCORPORATED MEMORANDUM OF LAW IN SUPPORT THEREOF**

COMES NOW the Plaintiff, JILL KAPLAN, by and through her undersigned counsel, and hereby moves this Honorable Court for entry of an Order compelling the production of all phone records requested in Plaintiff's First Request for Production to Defendant Lappin and Defendant Palm Beach Pops, Inc., and states as grounds therefore:

**SUMMARY OF FACTS**

1. In Plaintiff's First Request for Production to Defendant Lappin and Defendant Palm Beach Pops, Inc., the Plaintiff requested "All phone records for the telephone numbers 561-371-6146 and 561-655-6961 for the time period January 1, 2005 through the present." *See* Plaintiff's First Request for Production to Defendant Lappin, Request for Production No. 15, attached hereto as Exhibit A, and Plaintiff's First Request for Production to Defendant Palm Beach Pops, Inc., Request for Production No. 13, attached hereto as Exhibit B. In response to these requests, Defendants produced only phone bills for the telephone number 561-371-6164.

*See* Exhibit C, PBP00002124 - PBP00002193. A request for telephone records expands to records beyond just the bills that were produced by Defendants. Defendants have given no explanation as to why any further records have not been produced. For this reason, Plaintiff respectfully requests this Court order Defendants to produce all records for the phone numbers 561-371-6146 and 561-655-6961 for the time period January 1, 2005 through the present.

2. During the deposition of the Plaintiff, Jill Kaplan, on November 9, 2010, Defendants' counsel mentioned the existence of text messages and picture messages allegedly sent by Plaintiff to Defendant Lappin, on Lappin's cell phone. Defendant Lappin's cell phone number is 561-371-6146, which is one of the numbers listed in Plaintiff's First Request for Production to both Defendants. Defendants have access to the text message and picture message records for Defendant Lappin's cell phone, but have not produced these records to Plaintiff, despite Plaintiff requesting all phone records for the number of 561-371-6146. Therefore, Plaintiff respectfully requests that this Court order Defendants to produce the requested phone records, including, but not limited to, records of text messages, Short Message Service (SMS) messages, picture messages, video messages, Multimedia Message Service (MMS) messages and call logs that have been improperly withheld from Plaintiff.

3. Defendant Lappin had notice that Plaintiff was requesting all phone records, and not just phone bills. Request for Production No. 64 to Defendant Lappin specifically asks for, "Your telephone records **and** bills from December 2004 through March 2010." *See* Exhibit A, p. 26. It is obvious from the wording of the request that Plaintiff was not solely requesting Defendant Lappin's telephone bills, but bills were the only documents produced in Defendant Lappin's First Response to Plaintiff's First Request for Production.

4. Defendant Lappin provided his First Response to Plaintiff's First Request for Production on August 10, 2010, and has yet to supplement this response with any additional phone records. Defendant Lappin's response to Plaintiff's Request for Production No. 64 was, "Subject to and without waiving the general objections, Lappin will produce documents responsive to this request." Defendant, Robert Lappin's Response to Plaintiff's First Request for Production is attached hereto as Exhibit D. Defendant Lappin served a response that is incomplete or incorrect and has not supplemented or corrected this response in a timely manner. Plaintiff respectfully requests that this Court order Defendants to produce all phone records, including, but not limited to, records of text messages, Short Message Service (SMS) messages, picture messages, video messages, Multimedia Message Service (MMS) messages and call logs.

5. Plaintiff's First Request for Production to Defendant Lappin and Defendant Palm Beach Pops, Inc., included requests for:

> All tangible evidence which Defendant intends or may use as exhibits at trial including, but not limited to, photographs, documents, video tapes, motion pictures, electronic media, diagrams, reports, contracts, agreements, physical representations, graphic pictorial or other written material not otherwise previously produced herein.

*See* Exhibit A, Request for Production No. 27, and Exhibit B, Request for Production No. 25. The text messages and picture messages discussed by Defendants' counsel during the Plaintiff's deposition are responsive to Request for Production No. 27 to Defendant Lappin and Request for Production No. 25 to Defendant Palm Beach Pops, Inc., but the Defendants affirmatively chose not to produce this evidence to the Plaintiff. Therefore, the Plaintiff respectfully requests this Court to order Defendants to produce all such records that have been improperly withheld from the Plaintiff.

6. Plaintiff's First Request for Production to Defendant Lappin requested, "All documents, photographs, videos, e-mails and electronic data related to the claim at issue in this action which you intend or may use at trial." *See* Exhibit A, Request for Production No. 13. The text messages and picture messages discussed by Defendants' counsel during Plaintiff's deposition are responsive to Plaintiff's Request for Production No. 13 to Defendant Lappin. Plaintiff's deposition was on December 9, 2010, meaning that Defendants have known about the existence of these alleged text and picture messages for at least three (3) weeks without producing this evidence to Plaintiff. Not only is this behavior improper, but Defendants are disregarding the discovery rules established by the Federal Rules of Civil Procedure. For these reasons, Plaintiff respectfully asks this Court to order Defendants to produce all records of text messages, Short Message Service (SMS) messages, picture messages, video messages, Multimedia Message Service (MMS) messages, calls logs, and any additional electronic data withheld by Defendants that relate to the claims in this case.

7. Withholding this evidence from Plaintiff is not an innocent mistake by the Defendants. Plaintiff served her First Request for Production to Defendant Palm Beach Pops, Inc. on April 20, 2010 and her First Request for Production to Defendant Lappin on May 18, 2010. Defendants have withheld documents from Plaintiff on multiple occasions, and conveniently "find" these documents immediately prior to an important event in the discovery process. For example, Defendants produced a compact disk of e-mails, Bates stamp number PBP00005244 through PBP00048120, immediately prior to Defendant Lappin's deposition on October 15, 2010. Defendants' Second Supplemental Response to Plaintiff's First Request to Produce is attached hereto as Exhibit E. This evidence had been reviewed by Defendants well before being produced to Plaintiff. *See* October 8, 2010 correspondence, attached hereto as

Exhibit F, where opposing counsel says, "As soon as we are finished with the review of [Plaintiff's] outlook pst file, I will serve the metadata and associated privilege log." Plaintiff was greatly prejudiced due to the impossible feat of reviewing 42,876 documents immediately prior to Defendant Lappin's deposition, which was on October 15, 2010 at 10:00A.M. Defendants had several months to procure, review and produce the requested electronic files and metadata, yet Defendants were conveniently unable to produce such evidence to the Plaintiff until the eve of the deposition of Defendant Lappin.

8. It was apparent that the evidence produced immediately prior to Defendant Lappin's deposition was not a coincidence when Defendants utilized the same tactic to prejudice Plaintiff by withholding evidence until it was "found" two days before the Plaintiff's deposition. Plaintiff's deposition took place on December 9, 2010, and Defendants served their Fourth Supplemental Response to Plaintiff's First Request for Production, Bates stamp number PBP00048139 through PBP48357, on December 7, 2010. Defendants' Fourth Supplemental Response is attached hereto as Exhibit G. The discovery deadline is rapidly approaching and Plaintiff should not be prejudiced by Defendants withholding additional evidence. The Defendant Palm Beach Pops, Inc. have had since April 20, 2010 and Defendant Lappin has had since May 18, 2010 to produce the evidence requested in Plaintiff's First Request for Production, but have continuously waited until the last minute to provide responsive evidence. Therefore, Plaintiff respectfully requests that the Court order Defendants to produce all phone records, including, but not limited to, records of text messages, Short Media Service (SMS) messages, picture messages, video messages, Multimedia Message Service (MMS) messages, call logs, and all tangible evidence which Defendant intends or may use as exhibits at trial including, but not limited to, photographs, documents, video tapes, motion pictures, electronic media, diagrams,

reports, contracts, agreements, physical representations, graphic pictorial or other written material not otherwise previously produced.

## MEMORANDUM OF LAW

9. The purpose of discovery is to provide a mechanism for making relevant information available to the litigants. "Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation." *Hickman v. Taylor,* 329 U.S. 495, 507 (1947). Defendants have had knowledge of the text messages and picture messages allegedly sent from the Plaintiff to Defendant Lappin's cellular telephone well in advance of December 9, 2010, when Defendants' counsel questioned the Plaintiff about such messages during her deposition. Defendants have also had knowledge of Plaintiff's request for these phone records for over seven (7) months. Defendants are required under the Federal Rules of Civil Procedure to provide Plaintiff with all non-privileged documents responsive to Plaintiff's Request for Production. Therefore, Plaintiff respectfully requests that this Court require Defendants to produce all phone records, including, but not limited to all records of text messages, Short Message Service (SMS) messages, picture messages, and Multimedia Message Service (MMS) messages, call logs and any additional electronic data responsive to Plaintiff's First Request for Production to both Defendants.

10. Defendants should not be allowed to unilaterally retain these records when Plaintiff has made a proper request for this evidence. Rule 26(e) of the Fed. R. Civ. P. mandates that a party must supplement or correct its response in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect. Defendants' counsel used the text messages and picture messages allegedly sent by Plaintiff to Defendant Lappin's cell phone in their line of questioning during Plaintiff's deposition. Defendants' counsel even

recited what the text messages purportedly say and described what the picture messages supposedly portray. Neither Defendant Lappin nor Defendant Palm Beach Pops, Inc. has supplemented or corrected their response to Plaintiff's First Request for Production by producing records of text messages, Short Message Service (SMS) messages, picture messages, Multimedia Message Service (MMS) messages, call logs or any additional electronic data in the possession of the Defendants. Due to Defendants' failure to produce all responsive documents to Plaintiff's First Request for Production, Plaintiff respectfully requests this Court order the Defendants to produce all evidence improperly withheld by the Defendants.

**WHEREFORE**, Plaintiff, JILL KAPLAN, moves for entry of an Order compelling Defendant ROBERT LAPPIN and Defendant PALM BEACH POPS, INC. to produce to the Plaintiff all phone records, including but not limited to all records of text messages, Short Message Service (SMS) messages, picture messages, and Multimedia Message Service (MMS) messages for the telephone numbers 561-371-6146 and 561-655-6961 for the time period January 1, 2005 through the present, and any additional electronic data related to the issues in this claim that is in the possession of the Defendants, and to grant any further relief as this Court deems just and proper including an Order precluding the use at trial by Defendants of all phone records, records of text messages, Short Message Service (SMS) messages, picture messages, and Multimedia Message Service (MMS) for the time period January 1, 2005 through the present which were withheld from production before the Plaintiff's deposition of December 9, 2010, and still not produced before December 31, 2010, the date this Motion was filed.

## Certificate of Good Faith Conference

The undersigned attorney certifies that I have conferred with all parties or non-parties who may be affected by the relief sought in this motion in a good faith effort to resolve the issues but have been unable to do so or have made reasonable efforts to confer with all parties or non-parties who may be affected by the relief sought in the motion, but have been unable to do so, as Defendants' Counsel has been unwilling and refused to allow completion of Lappin's deposition.

Respectfully submitted,

                                       s/ Craig R. Zobel
                                       Craig R. Zobel, Esq.
                                       Florida Bar No. 056080
                                       Email: czobel@reidzobel.com
                                       REID & ZOBEL, P.A.
                                       222 Lakeview Avenue, Suite 1160
                                       West Palm Beach, FL 33401
                                       Phone: (561) 659-7700
                                       Fax: (561) 659-6377
                                       Attorneys for Plaintiff

## Certificate Of Service

I hereby certify that on December 31, 2010, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

                                       s/ Craig R. Zobel
                                       Craig R. Zobel, Esq.

**SERVICE LIST**
**Kaplan versus Lappin and The Palm Beach Pops**
**Case No.: 9:10-CIV-80227 MARRA**
**United States District Court**
**Southern District of Florida**

<u>Served Via Notices Of Electronic Filing Generated By CM/ECF</u>

Craig R. Zobel, Esq.
email: czobel@reidzobel.com
Reid & Zobel, P.A.
Esperante Building, Suite 1160
222 Lakeview Avenue
West Palm Beach, FL 33401
P.O Drawer 2926
West Palm Beach, FL 33402-2926
Telephone: 561-659-7700
Facsimile: 561-659-6377
Attorneys for Plaintiff

G. Joseph Curley, Esq.
email: jcurley@gunster.com
Keith E. Sonderling, Esq.
email: ksonderling@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500
West Palm Beach, FL 33401
Telephone: 561-655-1980
Facsimile: 561-655-5677
Attorneys for Defendant