UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-80227-CIV-MARRA/JOHNSON

JILL KAPLAN,

    Plaintiff,

vs.

ROBERT LAPPIN, and
THE PALM BEACH POPS, INC.

    Defendants,

_____/

## OMNIBUS ORDER

**THIS CAUSE** is before the Court on the following motions: (1) Plaintiff's Motion for Protective Order Regarding Privileged Settlement Communications (D.E. #88); (2) Defendant's Motion to Compel Completion of Plaintiff's Deposition (D.E. #95); and (3) Supplement Motion to Compel (D.E. #103). For the following reasons, said Motions are granted in part and denied in part in accordance with the terms herein.

## BACKGROUND

This is a lawsuit brought by Plaintiff, Jill Kaplan ("Kaplan") against The Palm Beach Pops, Inc. ("The Pops") and its managing agent and Maestro Robert Lappin ("Lappin") alleging state law claims for assault, battery and intentional infliction of emotional distress against Lappin and alleging Florida and Federal Civil Rights violations under Title VII and Florida's equivalent against The Pops. Relevant to the instant Motions, the Amended Complaint (D.E. #5) alleges that while Plaintiff was employed by The Pops as Vice

1

President and General Manager, she was subjected to "sexual harassment, forced sexual relationship, quid pro quo sexual harassment, and a hostile work environment created by her supervisor, the managing agent of the Palm Beach Pops, Bob Lappin." *Id.* at ¶4. The Amended Complaint goes on to allege that Lappin "made unwelcome sexual advances and disturbing sexual demands both in and out of the office" and "demanded that Plaintiff accompany him to sex clubs in Fort Lauderdale and New York." *Id.* at ¶¶ 9-10.

The three Motions referred to above are related and concern a settlement letter written by Plaintiff's counsel and sent to Defendant Lappin prior to the institution of this action (the "Settlement Letter"). In the first Motion (D.E. #88), Plaintiff seeks an order protecting un-redacted production of the Settlement Letter at deposition and protecting questioning at any future deposition regarding statements made in the Settlement Letter. In the second Motion (D.E. #95), Defendant seeks an order requiring Plaintiff, to the extent she has not already done so, to produce the physical evidence referenced in the Settlement Letter, permitting Defendants to conduct a continued limited deposition of Plaintiff to inquire about the information contained in the June 15, 2009 Letter (including the physical evidence), and granting Defendants their attorney's fees and costs incurred in having to bring the Motion. The third Motion, Defendants' Supplement Motion (D.E. #103), seeks an order reserving ruling on any future witness depositions that may be necessitated by Plaintiff's continued deposition and the imposition of sanctions against Plaintiff in the form of exclusion of the subject evidence at trial.

## *ANALYSIS*

The Court begins with the basic principle that Rule 26 of the Federal Rules of Civil Procedure, which governs the discovery process between civil litigants in federal court,

provides that as a general matter, parties may "obtain discovery regarding any matter, not privileged that is relevant to the claim or defense of any party ... ." Fed. R. Civ. P. 26(b)(1). "Relevancy" under Rule 26(b)(1) is construed broadly, allowing for the discovery of any evidence "reasonably calculated to lead to the discovery of admissible evidence." *Id.*; see also *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). However, while the scope of discovery is broad, it is not without limits. *Washington v. Brown & Williamson Tobacco*, 959 F.2d 1566, 1570 (11th Cir. 1992). Courts have long held that "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore a matter which does not presently appear germane on the theory that it might conceivably become so.'" *Donahay v. Palm Beach Tours & Transp., Inc.*, 2007 W.L. 1119206 at *1 (S.D. Fla. 2007), quoting *Food Lion, Inc. v. United Food & Commercial Workers Intern. Union*, 103 F.3d 1007, 1012-13 (C.A. D.C. 1997) (internal citations omitted).

Accordingly, under Fed. R. Civ. P. 26(b)(1) the court has broad discretion to fashion protective orders to ensure the discovery process is not manipulated in furtherance of any improper purpose. Fed.R.Civ.P. 26©; see *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir.1987) ("A district court has broad discretion when fashioning protective orders."). The Court may also limit discovery of relevant material upon a determination the discovery sought is unreasonably cumulative or duplicitive, obtainable from some other source that is more convenient, less burdensome, or less expensive, or the burden or expense of the proposed discovery outweighs the likely benefit. *Id.* The moving party bears the burden of establishing good cause for the protective order it seeks. See *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1313 (11th Cir.2001). When

evaluating whether a movant has satisfied his burden of establishing "good cause" for a protective order to issue, a court should balance the non-moving party's interest in obtaining the requested discovery and preparing for trial against the moving party's proffer of harm that would result from mandating the discovery go forward as scheduled. *Id.; Farnsworth v. Proctor & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985). Thus, a party seeking a protective order must demonstrate "particular and specific" facts supporting its motion. See *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n.16 (1981).

To the extent Plaintiff wishes to protect the Settlement Letter itself from un-redacted production at deposition and/or to protect questioning at her deposition regarding any specific settlement terms or numbers, said Motion is granted. Plaintiff is correct that under the circumstances prevailing in the instant matter, any attempt to force un-redacted production of the Settlement Letter or to question the Plaintiff regarding statements made in the Settlement Letter incident to any specific settlement terms or numbers, would violate the general privilege that cloaks settlement communications from discovery. *See* Fed. R. Evid. 408(a); *The Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332 F.3d 976, 979-81 (6th Cir. 2003). While there are certain exceptions to this general rule such as a showing of substantial need or a particularized showing of how the inquiry may be relevant to the action, *see Lamoureux v. Anazaohealth Corp.*, 2009 WL 913977, *2 (D.Conn. March 26, 2009); *In re RDM Sports Group, Inc.*, 277 B.R. 415, 433 (Bankr. N.D. Ga. 2002), Defendants have failed to make any such showing.

To the extent, however, that Plaintiff seeks to protect from discovery pre-existing factual information and underlying evidence to support her claims that is in her possession, custody or control simply because such evidence is referenced in the Settlement Letter,

4

said Motion is denied. As Defendants correctly observe, discoverable information is distinct from and broader than admissible evidence. Thus, the mere fact certain information may not be admissible at trial does not mean it is not discoverable. Fed. R. Civ. P. 26(b)(1) (providing, in relevant part, that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Thus, to the extent the Settlement Letter contains factual information as well as physical evidence alleged to support her claims, inquiry regarding such statements as well as the evidence itself which is in Plaintiff's care, custody or control, must be produced. *First Specialty Ins. Corp. v. GRS Mgmt. Assoc. Inc.*, 2009 WL 2524613, *4 (S.D. Fla. 2004)("[E]vidence presented during settlement negotiations does not prevent its discovery and use as long as that evidence is otherwise discoverable."); *Landmark American Ins. Co. v. Moulton Properties, Inc.*, 2009 WL 3087266, *12 (N.D. Fla. Sept. 22, 2009)(Rule 408 "does not serve to exclude evidence simply because it is presented during the course of compromise negotiations. If this were not the case, parties would be able to 'immunize' evidence from use merely by including them during negotiations.").

In her Reply Brief (D.E. #102), Plaintiff appears to admit the foregoing point, stating that she "has made no contentions that the physical evidence or allegations regarding Plaintiff's claim are privileged," but filed her Motion for Protective Order "to ensure that the privileged settlement communication letter could not be used as an instrument to question" her. *Id.* at 8. She goes on to state, however, that "Defendants had ample opportunity to and did in fact question [her] regarding the physical evidence contained in the Settlement Letter during [her] deposition." *Id.* This, of course, is the primary focus of Defendants' related Motion to Compel, in which Defendants seek a limited continued deposition of the

5

Plaintiff to question her about the issues and "evidence" referenced in the Letter. While Defendants admit they did finally receive the physical evidence referred to in the Letter[1], because such production was not made until the day of the discovery deadline, long after the date they argue the production was due pursuant to Plaintiff's initial disclosure obligations and long after the date of Plaintiff's deposition, they ask that sanctions be imposed against Plaintiff and also seek an order permitting them to depose Plaintiff regarding the *specifics* of the evidence produced.

The Court agrees with Defendants that such limited continued deposition of Plaintiff is necessary considering that at the time of the Plaintiff's deposition, Defendants did not have this physical evidence in hand and therefore were limited to asking only general questions. Had Defendants' counsel been given the opportunity to review the physical evidence, which is represented to include "one hundred and six documents and multiple physical evidence,"[2] prior to Plaintiff's deposition, he would have been able to question Plaintiff on the individual physical evidence. Likewise, had this evidence been produced to Defendants prior to the depositions of witnesses Defendants' claim were sexually involved with and/or who had lived with Plaintiff prior to her relationship with Lappin, these witnesses could have been questioned regarding the specifics of the evidence produced. According to Defendants, such questioning could have shed light on crucial issues in dispute such as when certain items of evidence were purchased and by whom and, in this

---

[1] Actually, it is not entirely clear from the pleadings whether *all* the physical evidence referred to in the Letter which was in Plaintiff's care, custody or control has, as of this date, been produced. To the extent full production has not been made, Plaintiff is ordered to complete same within five (5) days from the date hereof.

[2] Defs' Resp. Brief (D.E. #103, p.3).

way, support or refute Defendants' claims that many if not all of the sex toys and adult videos were not purchased by Lappin, but were purchased by or for Plaintiff at a time prior to the relationship between Lappin and Plaintiff was even instituted.

While not included in the "Wherefore" clause of their Motion or as part of their requested relief, Defendants at page 6 of their Supplement to Motion to Compel (D.E. #103) ask the Court to impose sanctions on Plaintiff for what Defendants refer to as Plaintiff's failure "to disclose (or supplement) this evidence, later testifying and producing the evidence, and preventing Defendants from inquiring as to whether this evidence even existed at Plaintiff's deposition." *Id*. As sanctions, Defendants request the Court exclude the evidence from trial on the basis that "Defendants' prior depositions are now incomplete and the Defendants' ability to defend this case has been prejudiced." *Id*. at 8. Because the Court hereby orders the limited continued deposition of Plaintiff and, as requested (D.E. #103, p.11), reserves ruling as to whether the testimony obtained at Plaintiff's continued deposition warrants the continuation of any other witnesses' deposition, the prejudice which would have inured to Defendants has been mitigated. Accordingly, that portion of Defendants' Motion that request s a court order excluding the evidence from trial as sanctions, is denied. However, because the necessity for the continued deposition is the fault of Plaintiff for not producing the evidence sooner, the Court finds it just that Plaintiff be made to reimburse Defendants for the attorney's fees and costs incurred in having to file their Motion to Compel and their Supplement Motion to Compel. In accordance with the above and foregoing, it is hereby

**ORDERED AND ADJUDGED** that (1) Plaintiff's Motion for Protective Order Regarding Privileged Settlement Communications (D.E. #88), (2) Defendant's Motion to

Compel Completion of Plaintiff's Deposition (D.E. #95), and (3) Supplement Motion to Compel (D.E. #103), are all **GRANTED IN PART AND DENIED IN PART** in accordance with the terms herein. Accordingly, to the extent not already done so, Plaintiff has until five (5) days from the date hereof to produce *all* the physical evidence referred to in the Settlement Letter that is in Plaintiff's care, custody and/or control. Counsel for Plaintiff and Defendants shall immediately confer and agree upon a mutually acceptable time and date to continue the deposition of Plaintiff sometime within ten (10) days from the date hereof. The continued deposition shall be limited to inquiries regarding the physical evidence and factual statements referenced in the Settlement Letter, however, the un-redacted Settlement Letter shall not be produced at the deposition and there are to be no inquiries regarding proposed settlement terms or numbers. The Court reserves ruling as to whether the testimony obtained at Plaintiff's continued deposition warrants the continuation of any other witnesses' deposition, and in this regard requires Defendants, within ten (10) days of Plaintiff's continued deposition, to provide the Court with specific grounds showing why they would be prejudiced if not permitted to continue the deposition of a certain witness as a result of the newly produced evidence and/or supplemental testimony. Plaintiff shall have five (5) days from the date of any such submission in which either to file a notice with the Court stating she has no objection to the continued deposition sought or to file a response in opposition explaining the reasons why Defendants would not be prejudiced if such continued deposition did not take place. Defendants shall thereafter have three (3) days in which to file any desired reply. Plaintiff is ordered to reimburse Defendants their attorney's fees and costs incurred in having to file their Motion to Compel and their Supplement Motion to Compel, which amount shall be determined at the conclusion of this

litigation. Plaintiff shall not be required to reimburse Defendants for the fees and costs incurred in having to attend the continued deposition, as the additional fees and costs occasioned by the continued deposition should approximate the additional amount Defendants would have paid for what necessarily would have been a deposition longer in duration had the evidence been produced in a more timely fashion. Finally, the undersigned will not recommend to the District Court that the subject evidence be excluded from trial as sanctions as Defendants have requested.

**DONE AND ORDERED** this February 22, 2011, in Chambers, at West Palm Beach, Florida.

LINNEA R. JOHNSON
UNITED STATES MAGISTRATE JUDGE

CC:   The Honorable Kenneth A. Marra
      All Counsel of Record