UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-80227-CIV-MARRA

JILL KAPLAN,

    Plaintiff,

v.

THE PALM BEACH POPS, INC.,
and ROBERT LAPPIN,

    Defendants.
_____/

**DEFENDANT, ROBERT LAPPIN'S RESPONSE TO PLAINTIFF'S
MOTION TO COMPEL NET WORTH DISCOVERY SERVED FEBRUARY 14, 2011**

Defendant, Robert Lappin ("Lappin"), files this Response to Plaintiff, Jill Kaplan's ("Plaintiff") Motion to Compel Net Worth Discovery and Proposed Confidentiality Order [DE 108] ("Motion to Compel") and states as follows:

On January 28, 2011, Lappin served his objections to Plaintiff's Net Worth Discovery. Contrary to Plaintiff's assertion in her Motion to Compel, Lappin properly objected to each and every discovery request, stating a proper legal basis for each request. Lappin reaffirms and stands on all of the objections listed in his objections to Plaintiff's Net Worth Discovery. Stated simply, the interrogatories and requests for production are not directed toward the relevant inquiry of a snapshot of Lappin's *current* "financial resources," but instead are an improper attempt by the Plaintiff to conduct abusive discovery in aide of execution.

Further, Plaintiff is not entitled to utilize the discovery process in an attempt to annoy, harass, and embarrass Lappin. As evidenced by her overbroad and improper discovery requests, the Plaintiff is attempting to engage in such abusive tactics. As Maestro of the Palm Beach Pops, Lappin is well known in the local area, and the release of this personal and confidential

information would cause him and his family extreme hardship if it ended up– like information regarding this case already has – in the hands of the press.[1]

Nevertheless, Plaintiff filed her Motion to Compel on February 14, 2011. Plaintiff's *fifteen* interrogatories and three requests for production improperly attempt to pry into every single aspect of Lappin's private financial life and exceed the bounds of reasonable financial net worth discovery. If Lappin were required to answer all of Plaintiff's discovery requests, she would obtain a cent-by-cent accounting of Lappin's financial history, far more than just a "snapshot" of Lappin's current financial resources. For example, in Interrogatory 8 the Plaintiff requests information relating to whether Lappin has ever created a trust or stands to benefit from trust distributions in the future. This request, like many others, is improper in that it looks both backward and forward—backward to the creation of a trust, forward to potential distributions— and therefore expands beyond the scope of Lappin's *current* financial worth. The same goes for the Plaintiff's request for *four years* of tax returns (Request for Production 1), *three years* of banking records (Interrogatory 5), *three years* of property transfers, and request for the purchase price paid for particular parcels of land in the past (Interrogatory 3). Although the Plaintiff would certainly like to obtain all such information for the improper purpose of annoying, harassing, and embarrassing Lappin, requiring Lappin to produce such information would far exceed his obligation under the rules of discovery. Therefore, Lappin requests this Court strike Plaintiff's Interrogatories and Requests for Production as an improper attempt to conduct abusive discovery utilized to aide execution.

---

[1] Since its inception, the Palm Beach Post has reported on or mentioned this lawsuit on four separate occasions.

**MEMORANDUM OF LAW**

1. <u>Disclosure of a Defendant's Net Worth Information Must be Current</u>

Although courts permit financial discovery, the only financial discovery that is permitted by the Plaintiff is to obtain a snapshot of the Defendant's *current* "financial resources." <u>See</u> 11th Cir. Pattern Jury Instructions No. 2.1, Punitive Damages-In General (2005) ("If…punitive damages should be assessed…consider the financial resources of the Defendant."). Accordingly, its scope is limited to a "reasonable" determination of the defendant's *current* "financial resources." *Soliday v. 7-Eleven, Inc.*, 2010 WL 3943671 (S.D. Fla. Oct. 5, 2010) (defendant's financial net worth may be "*reasonably* calculated") (emphasis added); *In re Bankest, L.C. v. BDO Seidman, LLP*, 2008 WL 746444 (Bankr. S.D. Fla. March 18, 2008) (entitlement to financial discovery "limited to *current* net-worth information about the defendant.") (emphasis added); *Fieldurf Int'l v. Triexe Management Group, Inc.*, 2004 WL 866494 *3 (N.D. Ill. 2004) ("[o]nly current financial documents are relevant to a claim for punitive damages"); *Audiotex Network, Inc. v. U.S. Telecomm, Inc.*, 1995 WL 625962 *4 (D. Kan. 1995) (finding only current information of party's net worth or financial condition relevant to punitive damages).

This Court has broad discretion over the scope of net worth discovery. *Soliday v. 7-Eleven, Inc.*, 2010 WL 4537903 (M.D. Fla. 2010) ("The scope of discovery, whether merits or financial worth, is … within the discretion of the court."). Courts within this district have exercised this discretion to limit the time and scope of financial net worth discovery. For example, in *Lane v. Capital Acquisitions*, the Plaintiff sought discovery of some financial records for a five-year period, and others for an unlimited time period. 242 F.R.D. 667, 668 (S.D. Fla. 2005). The Court exercised its discretion to limit these overbroad and unduly burdensome requests, finding that they would not accurately reflect, nor were relevant to, the defendant's

current financial picture. *Id.* Accordingly, the court limited production of the defendant's financial records to a two-year period. *Id.*

  2. <u>Disclosure of a Defendant's Net Worth Information Should Not Occur Until 30 Days Before Trial</u>

Courts have also exercised discretion to control the timing of the disclosure of financial net worth information. For example, courts in this district have determined that the reasonable time for disclosure of financial net worth information was 30 days before trial. *In re Bankest, L.C.*, 2008 WL 746444 at *3. In doing so, courts protect the legitimate privacy interests of defendants while also protecting plaintiffs by permitting renewed requests for additional information if the first disclosures are "insufficient" to prove a claim for punitive damages. *Id.* at *3. This is exactly the sort of just, careful balancing that this Court must engage in when exercising its discretion to limit discovery when "the burden or expense of the proposed discovery outweighs its likely benefit." Fed.R.Civ.P. 26(b)(2)(c)(iii). Moreover, by imposing a production date of no sooner than 30 days prior to trial, the Court ensures that there is no disruption to the current state of the litigation. The trial date in this case is not until July 18, 2011. Plaintiff's request for financial information at this time is improper and irrelevant, and intended to cause annoyance, embarrassment, oppression, and inconvenience.

As stated in Lappin's response to Plaintiff's Net Worth Discovery Requests and this Response, Plaintiff's request of irrelevant financial records that are unlimited in time and scope are improper and the Defendant should not be required to answer such abusive discovery. Such an overbroad attempt to improperly obtain a detailed accounting of Lappin's financial history is solely made to annoy, embarrass, and harass Lappin. Plaintiff cannot simply impose obligations upon Lappin that go above and beyond what he is required to disclose, if anything. Accordingly,

4

Lappin requests this Court strike Plaintiff's Interrogatories and Requests for Production as an improper attempt to conduct abusive discovery utilized to aide execution.

In the event this Court requires disclosure and/or production of Defendant's financial information, the Court should severely limit Plaintiff's request to only which is necessary to provide a *current snapshot* of Lappin's financial net worth. Moreover, should the Court order the limited disclosure, it should be produced no earlier than 30 days prior to trial. Finally, if the Court orders this information to be produced, Lappin requests that the Court issue a confidentiality order and impose strict sanctions upon Plaintiff in the event such information would "somehow" be disclosed to the media or used by the Plaintiff for any improper purpose.

WHEREFORE, Defendant, Robert Lappin, respectfully requests that the Court deny Plaintiffs' Motion to Compel [D.E. 108], and grant such other and further relief as the Court deems just and appropriate. However, in the event Lappin is required to respond to the discovery requests, Lappin respectfully requests this Court limit disclosure to snapshot of Lappin's current financial resources, require the responses be produced 30 days prior to trial, and mandate a strict confidentiality order curtailing exposure.

Dated: March 3, 2011                    Respectfully submitted,

                                        **s/Keith E. Sonderling**
                                        G. JOSEPH CURLEY
                                        Florida Bar No. 571873
                                        e-mail: jcurley@gunster.com
                                        KEITH E. SONDERLING
                                        Florida Bar No. 0057386
                                        Email: ksonderling@gunster.com
                                        Gunster, Yoakley & Stewart, P.A.
                                        777 South Flagler Drive, Suite 500 East
                                        West Palm Beach, FL  33401-6194
                                        Telephone: 561-655-1980
                                        Facsimile:  561-655-5677
                                        Attorneys for Defendants

**CERTIFICATE OF SERVICE**

I hereby certify that on March 3, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By:  **/s/Keith E. Sonderling**
Keith E. Sonderling, Esq.

## SERVICE LIST
### Jill Kaplan v. Robert Lappin and The Palm Beach Pops, Inc.
### United States District Court, Southern District of Florida
### Case No. 10-80227-CIV-MARRA

**Electronic Mail Notice List**

Craig R. Zobel, Esq.
Reid & Zobel, P.A.
Esperante Building, Suite 1160
222 Lakeview Avenue
P.O. Drawer 2926 (33402-2926)
West Palm Beach, Florida 33401
Telephone: 561-659-7700
Facsimile: 561-659-6377
e-mail: czobel@ridzobel.com
Attorney for Plaintiff


G. Joseph Curley, Esq.
Keith E. Sonderling, Esq.
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500
West Palm Beach, FL 33401
Telephone:  561-655-1980
Facsimile:  561-655-5677
e-mail:  jcurley@gunster.com
e-mail:  ksonderling@gunster.com
Attorneys for Defendants


**Manual Notice List**

None.


WPB 1111001.2