UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 10-80227-CIV-MARRA

JILL KAPLAN,

    Plaintiff,

v.

THE PALM BEACH POPS, INC.,
and ROBERT LAPPIN,

    Defendants.
_____/

## DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUBMIT TO A RULE 35 MENTAL EXAMINATION

Defendants, Robert Lappin ("Lappin") and the Palm Beach Pops, Inc. ("Pops") (collectively, "Defendants"), pursuant to Rule 35 of the Federal Rules of Civil Procedure, hereby file their Motion to Compel Plaintiff to Submit to a Rule 35 Mental Examination, and in support thereof, state as follows:

After the end of Jill Kaplan's ("Plaintiff") four-year consensual sexual affair with her supervisor, Lappin, Plaintiff now claims that she was harassed, and as a result, has sustained severe mental and emotional damages. In her Amended Complaint, Plaintiff has brought state law claims for intentional infliction of emotional distress, assault, and battery, and Title VII claims for harassment, discrimination, and constructive discharge. Plaintiff alleges she has suffered damages in the form of "severe mental anguish," pain and suffering, and loss of enjoyment of life, loss of dignity, among a host of other damages. Plaintiff also seeks punitive damages in the amount of $5,000,000.00. Based on the nature of Plaintiff's claims and the damages she is seeking in this case, Plaintiff's mental condition is in controversy and good cause exists for a mental examination of Plaintiff pursuant to Rule 35.

## ARGUMENT

Mental examinations pursuant to Rule 35 are proper where, like here, the mental condition of the party is "in controversy" and "good cause" exists for compelling the examinations. Fed. R. Civ. P. 35 (a)(1) and (2)(A). The factors used to establish the "in controversy" requirement in Rule 35 include whether:

> (1) a tort claim is asserted for intentional or negligent infliction of emotional distress; (2) an allegation of a specific mental or psychiatric injury or disorder is made; (3) a claim of unusually severe emotional distress is made; (4) plaintiff intends to offer expert testimony in support of claim for emotional distress damages; and/or (5) plaintiff concedes that her mental condition is in controversy within the meaning of Rule 35.

U.S. v. Bergin, 732 F. Supp. 2d 1235, 1263 (M.D. Fla 2010) (citing Schlunt v. Verizon Directories Sales-West, Inc., 2006 WL 1643727 * 2 (M.D. Fla. June 12, 2006). Courts often merge the factors used to determine "good cause" with those used to demonstrate the "in controversy" requirements. Schlunt, 2006 WL 1643727 at * 2. Here, not only do one or more of the five factors apply, but virtually *all five factors* are present in this case.

First, in Count II of her Amended Complaint [D.E. 5], Plaintiff has asserted a separate tort claim for intentional infliction of emotional distress. Second, Plaintiff alleges that as result of Lappin's actions, she has sustained severe mental and emotional damages in the form of "mental abuse" (Am. Comp., ¶¶ 4, 21), "mental torture" (Id., ¶ 8), "severe mental anguish" (Id., ¶¶ 17, 31), "severe emotional distress" (Id., ¶ 25), and has suffered "loss of dignity, loss of enjoyment of life, and pain and suffering" (Id., Wherefore clauses, Counts I-V). Third, Plaintiff has also testified in deposition that as a result of Defendants' alleged actions, she has been "traumatized," "emotionally scarred," and suffers from "chronic panic attacks." (J. Kaplan Depo, 324/22-325/7). As a result of her testimony regarding her mental condition, Plaintiff has

essentially conceded that her mental condition is in controversy within the meaning of Rule 35. Fourth, Plaintiff has retained Dr. Glenn Caddy ("Caddy"), a clinical and forensic psychologist, to provide expert testimony at trial in support of Plaintiff's claims for emotional distress damages. Dr. Caddy has "evaluated Plaintiff over a extended period of time," and on February 17, 2011 (after the discovery period had ended), produced a 58-page expert report (the "Caddy Report") wherein Caddy provides his evaluation and conclusion of Plaintiff's continuing "mental status and functioning."[1]  Fifth, Dr. Caddy opines in his report that Plaintiff requires future and continuing "significant professional assistance…in order to achieve maximal improvement," beyond the pendency of this litigation. Applying the factors considered in the cases above, the law clearly provides that a Rule 35 examination is warranted in this case.

Other courts have ordered examinations under similar circumstances. In Jansen v. Packaging Corporation of America, 158 F.R.D. 409 (U.S.D.C. Ill. 1994), the plaintiff alleged that she had suffered and continued to suffer ongoing emotional distress due to alleged sexual harassment by her former supervisor. Id. at 410. The Court concluded that "[t]here is no question that by advancing such intangible harms as a component of her damages claim [the Plaintiff] has not only placed her mental condition 'in controversy' but has confirmed the existence of 'good cause' for [the Defendant's] motion...." Id. See e.g. Usher v. Lakewood Engineering & Mfg. Co., 158 F.R.D. 411 (U.S.D.C. Ill. 1994)(holding there was no question that [the plaintiff] has put her mental state into controversy when she claimed intangible harms of that type as part of her damages from the defendant's alleged sex-discriminatory conduct and she herself had seen a clinical psychologist); Lahr v. Fulbright & Jaworski, L.L.P., 164 F.R.D. 196 (U.S.D.C. Tx. 1995)(compelling Rule 35 mental examination when plaintiff alleged a separate

---

[1] Through the filing of this Motion, Defendants do not waive the right to later challenge the admissibility of the information and conclusions contained in the Caddy Report at trial.

3

tort claim for emotional distress, made a request for compensatory damages based on emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life and retained an expert to offer testimony in support of claims); Zabkowicz v. West Bend Co., 585 F. Supp. 635, 636 (E.D. Wis. 1984) (holding that allegations of emotional distress from sexual harassment were an appropriate basis for allowing order to compel psychiatric examination). Accordingly, this is the classic case in which a Rule 35 examination is appropriate, and this Court should compel such an examination.

Because this is a classic case wherein a Rule 35 examination is necessary and appropriate, prior to filing this motion, the Defendants requested that Plaintiff stipulate to a Rule 35 mental examination. Defendants provided Plaintiff's counsel with the name of the proposed psychiatrist, Dr. Arnold Zager, and furnished counsel with a copy of Dr. Zager's curriculum vitae. Defendants proposed scheduling the examination on May 13, 2011, at 10:00 a.m. and noted that, if necessary, the examination could be rescheduled to an alternate time that is convenient for all parties. A copy of Defendants' April 13, 2011, letter to Plaintiff requesting Plaintiff's agreement to the examination is attached hereto as Exhibit A. Despite this, Plaintiff has refused to stipulate or even respond to Defendants' request for a Rule 35 mental examination, which necessitated the filing of this motion.

WHEREFORE, Defendants respectfully request that this Court grant their Motion, enter an Order compelling Plaintiff to submit to Rule 35, and award Defendants their costs and attorneys' fees incurred by the Defendants in having to file this Motion. A proposed Order granting this Motion is attached hereto as Exhibit B.

4

Dated: April 20, 2011

Respectfully submitted,

s/Keith E. Sonderling
G. JOSEPH CURLEY
Florida Bar No. 571873
e-mail: jcurley@gunster.com
KEITH E. SONDERLING
Florida Bar No. 0057386
Email: ksonderling@gunster.com
Gunster, Yoakley & Stewart, P.A.
777 South Flagler Drive, Suite 500 East
West Palm Beach, FL 33401-6194
Telephone: 561-655-1980
Facsimile: 561-655-5677
Attorneys for Defendants

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to received electronically Notices of Electronic Filing.

By:  /s/Keith E. Sonderling
     Keith E. Sonderling

## SERVICE LIST
Jill Kaplan v. Robert Lappin and The Palm Beach Pops, Inc.
United States District Court, Southern District of Florida
Case No. 10-80227-CIV-MARRA

**Electronic Mail Notice List**

Craig R. Zobel, Esq.
Reid & Zobel, P.A.
Esperante Building, Suite 1160
222 Lakeview Avenue
P.O. Drawer 2926 (33402-2926)
West Palm Beach, Florida 33401
Telephone: 561-659-7700
Facsimile: 561-659-6377
e-mail: czobel@ridzobel.com
Attorney for Plaintiff

G. Joseph Curley, Esq.
Keith E. Sonderling, Esq.
Gunster, Yoakley & Stewart, P.A.
777 S. Flagler Drive, Suite 500
West Palm Beach, FL 33401
Telephone: 561-655-1980
Facsimile: 561-655-5677
e-mail: jcurley@gunster.com
e-mail: ksonderling@gunster.com
Attorneys for Defendants

**Manual Notice List**

None.

WPB 1115333.2